810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everitt D. BURKS, Petitioner-Appellant,
v.
E.P. PERINI, Superintendent, Respondent-Appellee.
 No. 85-3507.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Everitt D. Burks (Burks) appealed from the judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 2
 The operative facts are easily summarized. At approximately 7:30 p.m. on July 10, 1979, Donald Fletcher (Fletcher), his wife Sandra, and John Hernandez (Hernandez) entered the Village Inn Bar (the "bar") in Cygnet, Ohio. Burks was seated at the bar when Hernandez, Fletcher and his wife arrived. Burks and Fletcher subsequently engaged in an acrimonious conversation subsequent to which Burks left the bar, drove to his home for a shotgun which he placed in his truck and thereafter returned to the bar.
 
 
 3
 Upon returning to the bar, Burks conversed with Fletcher and Hernandez whereupon Fletcher and Burks left the bar together and were followed by Hernandez. Burks shot both Fletcher and Hernandez outside of the bar.[1]
 
 
 4
 Burks fled the scene of the crime and returned to his home. At 9:20 p.m., Burks telephoned the Wood County Jail and spoke with Russell Youngpeter (Youngpeter), a Wood County Deputy Sheriff. Youngpeter testified that Burks identified himself and stated that he had shot two people at the Village Inn. Burks further stated that he would remain at his home and await the arrival of deputies to arrest him.
 
 
 5
 George Davisson (Davisson), who was an acquaintance of Burks, was the first deputy to arrive at Burks' home. Davisson found Burks seated on his porch. As Davisson approached, Burks stated "I did a pretty bad thing, right?" After Davisson read Burks his Miranda rights and another officer retrieved the shotgun from the truck, Burks was transported to the Wood County Jail. Davisson interrogated Burks during the early morning of July 11, 1979 and elicited a statement in which Burks confessed to shooting both Fletcher and Hernandez.
 
 
 6
 Burks filed a pretrial motion to suppress the statement which he had given to Davisson on July 11, 1979. The trial court denied the motion and the case proceeded to trial.
 
 
 7
 At trial, Hernandez, the only eyewitness to the shootings apart from the accused, upon being summoned by the state, testified that Burks, without provocation, shot Fletcher in the stomach and then shot him in the back as he was running toward the bar.
 
 
 8
 Burks attempted to justify his action at trial as self-defense and testified on his own behalf. Burks stated that he shot Fletcher and Hernandez because they threatened him, the latter with a knife. However, it was undisputed that a knife had not been found at the scene of the crime.
 
 
 9
 After exhausting his state court remedies, Burks filed this petition for a writ of habeas corpus in federal district court. The district court conducted an evidentiary hearing and concluded that Burks' July 11, 1979 statement was involuntary and should not have been admitted at his trial. However, the district court denied the writ, concluding that the introduction of the involuntary statement constituted harmless error.
 
 
 10
 On appeal, Burks charged that the district court erred in concluding that the admission of his involuntary confession was harmless error because the admission of the confession induced him to testify at his trial. See, Harrison v. United States, 392 U.S. 219, 224-25; 88 S.Ct. 2008, 2011, 20 L.Ed.2d 1047 (1968). The record disclosed that prior to making his statement on July 11, 1979, Burks telephoned the police to report the shootings and informed Davisson that he had done "a pretty bad thing." Moreover, Hernandez, who was the only eye witness to the shootings, testified that Burks had shot both men without provocation. In light of this substantial independent evidence that Burks had indeed shot both of the victims and that the shootings were unprovoked, a self defense theory was the only recourse available to Burks to justify the shootings. Since Hernandez and Burks were the only witnesses to the actual shootings, Burks was confronted with the dilemma of permitting the jury to consider his guilt or innocence on the sole condemning testimony of Hernandez or, in the alternative, testifying on his own behalf and asserting that he shot the two men in self defense. He elected the later course of action, but failed to convince the jury of his claimed defense. Accordingly, this court concludes that the government's use of Burks' involuntary statement did not induce him to testify on his own behalf and that the trial court's decision to admit his confession, although erroneous under the circumstances, constituted harmless error.
 
 
 11
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 12
 ENGEL, Circuit Judge, concurring.
 
 
 13
 I concur in Judge Krupansky's opinion because, like he, I believe that the admission of the confession of July 11, 1979 was harmless error, and harmless error beyond a reasonable doubt. It cannot be seriously questioned that the substance of Burks' phone call was admissible as was his volunteered statement to George Davisson made when Deputy Davisson first arrived at Burks' home. That plus the testimony of the other eyewitnesses made out most compelling proof of Burks' guilt. I would also affirm on an alternative independent ground that the state court's determination that Davisson's early morning July 11, 1979 confession was voluntary is itself entitled to respect within the meaning of LaVallee v. Delle Rose, 410 U.S. 690, 695 (1973).
 
 
 
 [1]
 Fletcher died two days after the shooting